UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-68-RJC

| | |
|---|---|
| LEE EMMETT CHARLES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRAD GREENWAY, )<br>District Attorney, Dist. 29A; )<br>MARIE HARTWELL, )<br>Head Asst. District Attorney, )<br>Dist. 29A; )<br>ANGIE FINEBURG; )<br>Det. Marion Police Dept., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A. For the reasons that follow, Plaintiff's complaint will be dismissed.

## I. BACKGROUND

In his pro se complaint, Plaintiff alleges that the defendants have conspired to secure an indictment from the McDowell County grand jury and imprison him without due process of law. Plaintiff also complains his court appointed attorney failed to secure a postponement of an upcoming court date resulting in the revocation of his bond and immediate incarceration to serve a 90-day sentence for a misdemeanor. Plaintiff continues by alleging that he is imprisoned based on no evidence, or on false evidence, and that favorable evidence is being withheld. (Doc. No. 1 at 10-12). Plaintiff contends that Defendants Hartwell and Fineburg have colluded to deny him a

fair investigation which has led to, for example, false imprisonment, and denial of due process.

In his claim for relief, Plaintiff asks for, among other things, $5,000,000 in damages, further investigation into the abuse of the legal system in McDowell County, removal of the charges against from the authority of the McDowell County District Attorney, transfer to another facility, and psychiatric help. (Id. at 8, 13).

## II. STANDARD OF REVIEW

As provided for in 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b)(1) & (b)(2). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). In particular, although the Court must consider all well-pleaded allegations in the complaint as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and must construe all factual allegations in the light most favorable to the plaintiff, Harris v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th

2

Cir. 1999), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

III.     DISCUSSION

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim).

Plaintiff asserts various claims that his right to due process has been violated through collusive acts of the defendants as noted above.  Claims affecting the fact or duration of confinement generally may not be litigated in a § 1983 action. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973).[1] In Preiser, the Supreme Court considered the overlap between a case filed pursuant to 42 U.S.C. § 1983 and a case filed under the habeas corpus statute, 28 U.S.C. § 2254, and concluded that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. 411 U.S. at 500.

In Heck, the Supreme Court considered a case not covered by Preiser in which a petitioner seeks not immediate or speedier release, but monetary damages. The Heck Court concluded that "in order to recover damages for [an] allegedly unconstitutional conviction or

---

[1] The Court finds that claims against the district attorneys in this action would be dismissed based on prosecutorial immunity because it appears that their actions are performed within their prosecutorial duties, notwithstanding Plaintiff's speculative assertions. See e.g., Imbler v. Pachtman, 424 U.S. 409, 430 (1976); 28 U.S.C. § 1915A(b)(2) (defendants immune to claim for monetary relief).

3

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. The Supreme Court required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

In 2005, the Supreme Court clarified that § 1983 actions are barred, no matter the relief sought, "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (emphasis in original). The Wilkinson Court emphasized that habeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement." Id. at 81–82.

In the present case, Plaintiff challenges the validity of his confinement by contending that his indictment was based on no evidence or false evidence, and his subsequent charges and arrest violated due process. Plaintiff seeks an immediate halt to the McDowell County District Attorney's authority over his pending criminal case and monetary damages.[2] However, Plaintiff

---

[2] Plaintiff is notably vague in his complaint regarding the charge or charges which have him detained. The Court notes that Plaintiff has filed a change of address from McDowell County Detention to Piedmont Correctional Institution which is under the control of the North Carolina Department of Public Safety. It is unclear whether his conviction that led to his State incarceration is related to the charge or charges of which he complains in this action. See (Doc.

4

does not provide any evidence that his charges, or conviction for that matter, have been set aside or otherwise invalidated. While Plaintiff's allegations may differ some in the details, they are principally the same as in Heck, where the plaintiff brought an action for damages against prosecutors and a state investigator, alleging they knowingly destroyed evidence and otherwise led an unlawful and unreasonable investigation which led to the prisoner's arrest and prison sentence. Heck, 512 U.S. at 479. The Court stressed that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Id. at 486.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). (Doc. No. 1).

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

---

No. 5: Notice of Change of Address). The Court will not construe the present action as one for habeas because it is clear from this record that Plaintiff has not exhausted his State remedies to challenge either his conviction or confinement. See 28 U.S.C. § 2254(b)(1)(A) (setting forth exhaustion requirement before pursuing federal habeas relief).